## Huddleston's Ex'rs et al. v. Spear et al.

October 4, 1949.

Tanner Ottley for appellants.

Paul Carter and Sam Cary for appellees.

JUDGE KNIGHT—Affirming.

A tree which grew in Brooklyn became famous a few years ago as the subject of a book which became a best seller. A lone tree which grew in Cumberland County has become the subject of this litigation. This tree, of the now scarce poplar variety, on account of its size, which exceeded five feet in diameter, and the present high price of lumber, has a value in excess of $500 as shown by this record. Ownership of this tree is claimed by appellants as executors of A. A. Huddleston, deceased, while appellee Ernest Traylor claims ownership as purchaser from appellee Blain Spear who claims it was cut from land belonging to him.

The claim to ownership of the tree by Huddleston was based on these contentions as set up in appellants' pleadings, exhibits and proof: The 43¾ acre tract on which the tree is located was purchased by Huddleston in 1907. By deed dated September 12, 1910, Huddleston and wife conveyed this tract to Celia Riley and her two daughters Mary Ellen Riley and Hettie Spear. That deed contained a clause which says "Huddleston reserves to himself to be cut and removed whenever he may wish one large poplar tree near the Burkesville and

Celina road just opposite the old election house, same being one of the corner trees (a poplar and white oak) called for in the boundary of said tract of land." Huddleston's executors claim the tree here involved is the tree reserved in this deed and the ownership of which was claimed by Huddleston at the time of his death in 1946.

The claim to ownership of the tree by Spear prior to its sale to Traylor is based on these contentions as set up in his pleadings, exhibits and proof: The land which was conveyed in 1910 by Huddleston to Hettie Spear and others now all belongs to said Hettie Spear, wife of appellee Blain Spear; that she has owned it more than 15 years and if said Huddleston reserved any tree on said land his claim thereto has long since been barred by limitations and Hettie Spear is now owner of said tree by adverse possession; that the tree sold to Traylor was not on that tract but was a corner tree to a tract of land which George Scott conveyed to said Blain Spear, which is north of and adjoining the tract which Huddleston conveyed to Hettie Spear and others.

Shortly after the death of Mr. Huddleston this tree was sold by appellee Spear to appellee Traylor for $100 and Traylor, after felling and cutting it into logs, loaded the logs on trucks and was about to transport them to the market, which was a veneer mill located in New Albany, Indiana. This suit was then filed by appellants against appellees to enjoin them from removing the logs from the jurisdiction of the court and for $800 damages for removing said tree. A restraining order was issued by the circuit clerk. Later the logs were unloaded in Burkesville and were subsequently sold by appellants as executors for $500 out of which was paid $100 for hauling and unloading. During the pendency of the action and before judgment was entered Judy H. Webb and Homer Huddleston, only children and residuary legatees under the will of A. A. Huddleston, filed an intervening petition to be made parties to the action, asked that they be adjudged owners of the tree involved and therefore entitled to the $400 net amount for which it was sold and which is now held by the executors, and further asked judgment against the defendants, appellees herein, in the sum of $800 for wanton destruction of said tree. Their claims to ownership of the tree or the

proceeds thereof were not pressed and they were not mentioned in the judgment unless they are included among the plaintiffs as referred to in that part of the judgment as hereinafter quoted, as we think they can be, since their claim was not antagonistic to the claims of the executors and their intervening petition seems to have been filed to complete the record and for protection should it be determined that the tree was part of the real estate which would go to the devisees rather than the executors.

After taking proof on both sides the case was submitted on the pleadings, proof and exhibits and on August 18, 1948, a judgment was entered. This judgment, after ruling on certain exceptions which had been filed, said: "It is further the opinion of the court that the defendants are the owners of the property in controversy herein, and that the plaintiffs have no right, title or interest therein. It is therefore the judgment of this court that the injunction granted herein be, and same is hereby, dissolved, set aside and held for naught, and that the defendants be adjudged the owner of the property in controversy herein, and that plaintiffs' petition herein be, and same is hereby, dismissed, and that the defendants recover of the plaintiffs their costs herein expended, to all of which the plaintiffs object and except and pray an appeal to the Court of Appeals of Kentucky, which is granted."

It is from the above judgment that this appeal is prosecuted. This judgment does not direct return of the proceeds of the sale of the tree, now in the hands of the executors, but appellees make no complaint of that.

There is only one question involved in this appeal and that is the factual one of the location of the tree which was actually cut and sold by Spear. The defense which Spear set up in one of his answers, that if the tree was on the tract which Huddleston sold to Hettie Spear and others, he had lost all claim to it by adverse possession of Hettie Spear, was abandoned. He relied on his other defense, that the tree which was cut was located on the Scott land which was owned by Spear and was never owned by Huddleston. The testimony on both sides is rather indefinite and is highly conflicting, and after reading and re-reading it, we are as much

in doubt as to the real location of the tree as we were at the beginning.

Appellee Spear lays stress on the fact that the reservation in the deed from Huddleston to Mrs. Riley and her daughters, which deed was written by Mr. Huddleston, himself a lawyer, locates the tree as being in the southwest corner of the tract since that is the only corner at which a poplar and white oak are located called for in the boundary of the land as shown by the legal description. Appellees' evidence shows that at the end of a line running S 10 W 100 poles from the starting point of the Huddleston tract and which is the first call in the Huddleston deed, there is located a large poplar stump and the inference from this evidence is that this is the stump of the tree which Mr. Huddleston reserved 38 years before and that it had been cut and disposed of long before his death. Appellants contend that the poplar tree here involved is one of the two poplars referred to in the second call of the description which would place it at the southeast corner of the tract and their evidence attempts to establish that at one time there was a voting place (election house) opposite this corner on the Burkesville and Celina road, thus seeking to emphasize that language in the reservation rather than the language relied on by appellees, that the reserved tree was at the corner where a poplar and white oak were called for in the boundary.

Other evidence of appellees definitely locates the tree which was cut and sold by appellees as being located on the land purchased by appellee from Scott while other evidence of appellants locates the tree which was cut as being on the Huddleston-Spear tract and as being the tree which was reserved by Huddleston years ago. Frankly we cannot reconcile the conflicting evidence nor resolve the doubt aroused thereby and under these circumstances we follow the decision of the Chancellor on factual questions involved and uphold his decision therein.

Judgment affirmed.